# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JODI R. FLOWERS,

      Plaintiff,

  v.                                            Civil Action 2:18-cv-121
                                                Magistrate Judge Jolson

FAYETTE PROGRESSIVE
INDUSTRIES, INC., et al.,

      Defendants.

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate pursuant to 28 U.S.C. § 636(c) (Doc. 8), is before the Court on Defendant Fayette Progressive Industries, Inc.'s Motion to Dismiss for Failure to Prosecute. (Doc. 18). For the reasons stated below, the Motion is **GRANTED** and this action is **DISMISSED**.

## I. BACKGROUND

This matter began ordinarily enough when Plaintiff filed a Complaint on February 14, 2018. (Doc. 1). The matter proceeded, and, on May 2, 2018, the Court entered a Scheduling Order. (Doc. 11). On September 21, 2018, however, the Court learned that the case had not been proceeding as anticipated. On that date, Plaintiff's counsel Matthew G. Bruce submitted a motion to withdraw as counsel explaining "Plaintiff [had] failed to communicate with Mr. Bruce or the Spitz Law Firm in any way since the filing of this action." (Doc. 13). Mr. Bruce cited at least eight attempts to contact Plaintiff via numerous communication avenues including email, certified mail, and telephone. (*Id.* at 1). Plaintiff, however, failed "to communicate with Mr. Bruce and participate in her case against Defendants, despite multiple warnings that Mr. Bruce and the Spitz Law Firm would withdraw if she [failed] to respond." (*Id.*).

The Court granted Mr. Bruce's motion to withdraw as legal counsel on September 24, 2018, and ordered the Plaintiff to retain new legal counsel or inform the Court of her plans to proceed pro se. (Doc. 14). The Court gave Plaintiff thirty days to comply with the Order and further warned that failure to comply "may result in dismissal of the case for want of prosecution." (*Id.*). The Order was mailed to Plaintiff and returned as undeliverable on October 15, 2018. (Doc. 15). Plaintiff's thirty-day clock expired, and the Court heard nothing from her.

Roughly six weeks after that, Defendant filed the instant Motion (Doc. 18). The next day, on December 12, 2018, the Court gave Plaintiff another chance. More specifically, Plaintiff was given a new thirty-day clock to find new counsel or, in the alternative, notify the Court of her intent to proceed pro se. (Doc. 19). Again, the Court warned that failure to comply with the Court's Order could result in dismissal. (*Id.*). Although under no obligation to do so, the Court obtained Plaintiff's email address from prior counsel and sent this Order to Plaintiff via email and regular mail. Another thirty days passed, and Plaintiff did not inform the Court of her intentions. Also during this time period, Plaintiff's deadline to respond to Defendants' Motion to Dismiss for Failure to Prosecute expired.

Then, on January 11, 2019, the Court scheduled a status conference for January 18, 2019, thereby giving Plaintiff another opportunity to appear. (Doc. 21). Notice of the status conference was sent to Plaintiff's last known address and to the email address provided by her prior counsel. Plaintiff failed to appear. Next, the Court issued a Show Cause Order (Doc. 22) directing her to show cause by January 25, 2019, as to why the Court should not dismiss the case for want of prosecution. To date, Plaintiff has failed to show cause.

## II. STANDARD

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" Schafer, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

As detailed above, Plaintiff has taken no steps to prosecute this action since at least June of 2018. Around that time, Plaintiff ceased communications with her lawyer, despite counsel's repeated attempts to contact her. Then, beginning in September of 2018, this Court began its attempts to reach Plaintiff, but to no avail. Indeed, this Court has given Plaintiff four chances over

a span of many months to indicate her intent to prosecute this action, but Plaintiff has failed to make any contact with the Court. Further, she has failed to provide her current address to this Court. *See Barber v. Runyon*, No. 93-6318, 1994 U.S. App. LEXIS 9709, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (holding that a pro se litigant has a duty to supply the court with notice of any and all changes to address). Given these facts, the Court concludes that Plaintiff has abandoned this action. And, although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *See Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993); *see also* Doc. 18 (asserting that Plaintiff's actions have "caus[ed] Defendants continued time and expense awaiting an uncertain timeline for resolution."). Finally, this Court has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

## IV. CONCLUSION

Based upon the foregoing, Defendant Fayette Progressive Industries, Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. 18) is **GRANTED**, and this action is **DISMISSED**.

IT IS SO ORDERED.

Date: January 31, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE